**UNPUExBLISHED**

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-5161

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

FERNANDO CARDENAS-ROSAS, a/k/a Luis Rodriguez-
Fernandez,

Defendant - Appellant.

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham.  Frank W. Bullock, Jr.,
District Judge.  (CR-05-183)

Submitted:  October 27, 2006      Decided:  December 15, 2006

Before WILKINSON, TRAXLER, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas N. Cochran, Assistant Federal Public Defender, Greensboro,
North Carolina, for Appellant.  Robert Albert Jamison Lang, OFFICE
OF THE UNITED STATES ATTORNEY, Winston-Salem, North Carolina, Anna
Mills Wagoner, United States Attorney, Greensboro, North Carolina,
for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Fernando Cardenas-Rosas[1] pled guilty to charges of obstruction of commerce by robbery, in violation of 18 U.S.C. §§ 2, 1951 (2000) ("Count One"); brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (2000) ("Count Two"); and theft of firearms, in violation of 18 U.S.C. § 922(u) (2000) ("Count Three"). The district court sentenced Cardenas-Rosas to concurrent terms of 84 months' imprisonment on Counts One and Three and a consecutive term of 84 months' imprisonment on Count Two, the statutory mandatory minimum for that offense. See 18 U.S.C. § 924(c)(1) (2000). Cardenas-Rosas appealed. We affirm.

Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), contending there exist no meritorious issues for appeal but suggesting the district court imposed an unreasonable sentence. Cardenas-Rosas filed a pro se supplemental brief. The Government elected not to file a responsive brief.

After United States v. Booker, 543 U.S. 220 (2005), a sentencing court is no longer bound by the range prescribed by the sentencing guidelines. See United States v. Hughes, 401 F.3d 540,

---

[1]The indictment returned by the grand jury listed the name "Luis Rodriguez-Fernandez." This name is an alias used by Cardenas-Rosas. Upon the Government's motion, and with the consent of the Appellant, the district court ordered the indictment amended to reflect Appellant's true name, Fernando Cardenas-Rosas.

546 (4th Cir. 2005). In a post-Booker sentencing, district courts must calculate the appropriate guideline range, consider the range in conjunction with other relevant factors under the guidelines and 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), and impose a sentence. United States v. Green, 436 F.3d 449, 455-56 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006). However, "a district court need not explicitly discuss every § 3553(a) factor on the record." United States v. Eura, 440 F.3d 625, 632 (4th Cir. 2006), petition for cert. filed, ___ U.S.L.W. ___ (U.S. June 20, 2006) (No. 05-11659). A sentence imposed within the properly calculated guidelines range is presumptively reasonable. Green, 436 F.3d at 457; see United States v. Johnson, 445 F.3d 339, 341-42 (4th Cir. 2006) (discussing justifications for finding sentence within properly calculated advisory guidelines range presumptively reasonable).

On Counts One and Three, the district court sentenced Cardenas-Rosas toward the middle of the range of 77 to 96 months' imprisonment under the advisory sentencing guidelines.[2] The court noted it was inclined to impose a sentence at the top of the range, given Cardenas-Rosas' substantial prior criminal record, the nature of the offense, and the need for adequate deterrence. Awarding Cardenas-Rosas credit for some assistance to the Government in the

---

[2]Counts One and Three carried statutory maximum terms of twenty and ten years' imprisonment, respectively. See 18 U.S.C. §§ 1951, 924(i)(1) (2000).

capture of a co-defendant, however, the district court imposed concurrent 84-month sentences.  Cardenas-Rosas fails to rebut the presumption that these sentences were reasonable.  On Count Two, the district court possessed no discretion to sentence below the statutory mandatory minimum of seven years' imprisonment, because "Booker did nothing to alter the rule that judges cannot depart below a statutorily provided minimum sentence."  United States v. Robinson, 404 F.3d 850, 862 (4th Cir.), cert. denied, 126 S. Ct. 288 (2005).

In his pro se supplemental brief, Cardenas-Rosas mainly challenges the specific offense characteristic enhancements used to increase his sentence on Counts One and Three.[3]  Because Cardenas-Rosas did not object to these enhancements in the district court, this court reviews for plain error.  See Fed. R. Crim. P. 52(b). Four conditions must be met before we will notice plain error: (1) there was error; (2) the error was plain under current law; (3) the error must affect substantial rights, typically meaning the defendant is prejudiced by the error in that it affected the

---

[3]Cardenas-Rosas also contends his sentence was enhanced for facilitating the escape of a co-defendant and his sentence was excessive compared to those of his co-defendants.  In fact, the district court noted Cardenas-Rosas assisted to some degree in the individual's capture and cited this assistance when sentencing Cardenas-Rosas to the middle of the guidelines range for the first and third counts.  Otherwise, the district court would have sentenced Cardenas-Rosas at the top of the range, in light of his prior record, the nature of the offense, and the need for deterrence.

outcome of the proceedings; and (4) the error must seriously affect the fairness, integrity, or public reputation of judicial proceedings. United States v. Olano, 507 U.S. 725, 733-37 (1993).

Cardenas-Rosas received a two-point enhancement pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 2B3.1(b)(3)(A) (2004) because the victim sustained bodily injury and a separate two-point offense level enhancement pursuant to USSG § 2B3.1(b)(4)(B) because the victim was physically restrained to facilitate commission of the offense or to facilitate escape. Cardenas-Rosas claims he never touched the victim, a pawn shop teller who was forced into a back room at gun point, pushed to the floor, and had a towel placed in her mouth and her hands, feet, and mouth taped with duct tape. The record indicates Cardenas-Rosas at least aided and abetted this activity; consequently, he "is punishable as a principal." 18 U.S.C. § 2 (2000).

Cardenas-Rosas also received a one-point enhancement pursuant to USSG § 2B3.1(b)(6) because a firearm was taken and a two-point enhancement pursuant to USSG § 2B3.1(b)(7)(C) because the amount of loss exceeded $50,000. He claims he should not have received these enhancements because the items were recovered. "'Loss' means the value of the property taken, damaged, or destroyed." USSG § 2B3.1 comment. (n.3). The record indicates over $50,000 worth of property was taken; similarly, the firearm was taken. Therefore, these enhancements were also proper.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Cardenas-Rosas' convictions and sentence. We deny Appellant's motion to substitute attorney and counsel's motion to withdraw. This court requires that counsel inform Cardenas-Rosas, in writing, of the right to petition the Supreme Court of the United States for further review. If Cardenas-Rosas requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from further representation. Any such motion filed by counsel must state that a copy thereof was served on Cardenas-Rosas. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>