**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4556**

UNITED STATES OF AMERICA,

       Plaintiff - Appellee,

   v.

JOSEPH F. CLEMONS,

       Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (4:08-cr-00081-D-1)

Argued: October 29, 2010      Decided: February 23, 2011

Before NIEMEYER, DAVIS, and WYNN, Circuit Judges.

Affirmed by unpublished opinion.  Judge Wynn wrote the opinion, in which Judge Niemeyer and Judge Davis joined.

**ARGUED:** Eric Joseph Brignac, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Dennis Michael Duffy, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.  **ON BRIEF:** Thomas P. McNamara, Federal Public Defender, Raleigh, North Carolina, for Appellant. George E. B. Holding, United States Attorney, Anne M. Hayes, Jennifer P. May-Parker, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

WYNN, Circuit Judge:

A properly calculated sentence is entitled to a presumption of reasonableness; a defendant may rebut the presumption only by demonstrating that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors. United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006)(quoting United States v. Sharp, 436 F.3d 730, 738 (7th Cir. 2006)). Here, Defendant Joseph F. Clemons argues that the district court abused its discretion in imposing a within-Guidelines sentence. Because Defendant fails to rebut the presumption of reasonableness associated with his within-Guidelines sentence, we affirm the sentence imposed.

I.

Defendant pled guilty to bank robbery in violation of 18 U.S.C. § 2113(a). On the day of the robbery, Defendant was intoxicated and came upon an unoccupied 2006 Suzuki Forenza (valued at $8,365) with the engine running. Defendant stole the car, drove it to the first bank he saw, went into the bank, and handed a note to the teller reading "All your money." The teller gave Defendant $3,015. After robbing the bank, Defendant drove off in the stolen car. At sentencing, Defendant's attorney stated that Defendant later returned the car to within a block of where he found it and left the keys in the vehicle.

Defendant's Presentence Investigation Report confirms that the car was ultimately returned, without damage, to its owner.

In calculating Defendant's advisory Sentencing Guidelines range, the probation officer enhanced Defendant's base offense level by one level because Defendant caused a loss of more than $10,000 (calculated by adding the value of the car to the amount taken from the bank). Defendant objected to the inclusion of the car's value in the loss amount, arguing that he had merely borrowed the car—albeit without the owner's permission. The district court rejected Defendant's argument and included the full value of the car in the loss amount. Defendant appealed.

## II.

We review the district court's legal conclusions concerning the application of the Sentencing Guidelines, including the application of an enhancement, de novo. United States v. Manigan, 592 F.3d 621, 626 (4th Cir. 2010). The Sentencing Guidelines provide for a one-level sentence enhancement where the loss from a robbery exceeded $10,000 but was no greater than $50,000. U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 2B3.1(b)(7) (2009). The Guidelines define loss to include "the value of the property taken, damaged, or destroyed." U.S.S.G. § 2B3.1 cmt. n.3 (emphasis added). This Court, in an unpublished decision, and several sister circuits have held that the value

4

of property ultimately recovered is properly included in the calculation of loss amount under U.S.S.G. § 2B3.1. United States v. Cardenas-Rosas, 209 F. App'x 342, 345 (4th Cir. 2006); see also United States v. Rivera-Rivera, 555 F.3d 277, 293 (1st Cir. 2009) ("It is of no moment [to loss amount] that the items were recovered and returned."), cert. denied, Sanchez-Rosado v. United States, 130 S. Ct. 344 (2009);[1] United States v. Donaby, 349 F.3d 1046, 1051 (7th Cir. 2003) (upholding enhancement for value of vehicle stolen in preparation for and used during robbery); United States v. Powell, 283 F.3d 946, 948 (8th Cir. 2002) (holding that "the value of a car taken by robbers for the purpose of their getaway may be included in calculating loss").

We are guided by those decisions in holding from the outset that the district court properly included the value of the car in determining that the loss amount here exceeded $10,000.[2]

---

[1] The First Circuit appears to make a distinction between vehicles stolen during the course of a robbery and vehicles stolen in preparation for a robbery; only the value of the former may be included in the calculation of loss amount under U.S.S.G. § 2B3.1(b)(7). Compare United States v. Austin, 239 F.3d 1, 8 (1st Cir. 2001) (rejecting enhancement for value of car stolen in preparation for and later used during robbery), with United States v. Cruz-Santiago, 12 F.3d 1, 4 (1st Cir. 1993) (upholding inclusion of value of vehicle stolen during robbery). Defendant does not argue on appeal that we should adopt the First Circuit's position.

[2] The Sentencing Guidelines are, of course, only advisory. See United States v. Booker, 543 U.S. 220, 245 (2005). A district court may consider a defendant's return of undamaged (Continued)

Nonetheless, Defendant argues that, even if the Guidelines "permitted the district court to ascribe the loss value of the car" to Defendant, doing so here was unreasonable and an abuse of discretion. Brief of Appellant at 13.

"A sentence within the proper Sentencing Guidelines range is presumptively reasonable." United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007). This standard is deferential, and a defendant can rebut the presumption only by demonstrating that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors. Montes-Pineda, 445 F.3d at 379. "In reviewing any sentence, 'whether inside, just outside, or significantly outside the Guidelines range,' we apply a 'deferential abuse-of-discretion standard.'" United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (quoting Gall v. United States, 552 U.S. 38, 41 (2007)).

Defendant makes both procedural and substantive challenges to the reasonableness of his sentence. We first address Defendant's procedural arguments. See id. (stating that a reviewing court should consider substantive reasonableness only if the sentence is first found to be procedurally reasonable).

---

property to its owner in departing downward from a Guidelines sentence—and our holding today in no way purports to limit a district court's authority to do so.

6

"A sentence may be procedurally unreasonable . . . if the district court provides an inadequate statement of reasons or fails to make a necessary factual finding." United States v. Moreland, 437 F.3d 424, 434 (4th Cir. 2006), overruled in part on other grounds by Gall v. United States, 552 U.S. 38 (2007), and United States v. Rita, 551 U.S. 338 (2007), as recognized in United States v. Diosdado-Star, No. 09-4723, 2011 WL 198658, *3-*6 (4th Cir. Jan. 24, 2011). "When rendering a sentence, the district court 'must make an *individualized* assessment based on the facts presented.' That is, the sentencing court must apply the relevant [18 U.S.C.] § 3553(a) factors to the specific circumstances of the case before it." Carter, 564 F.3d at 328 (quoting Gall, 552 U.S. at 50).

Defendant argues that the district court failed to articulate how including a non-existent loss in calculating his sentence reflected the nature of his offense. He argues further that the district court made no individualized assessment to explain why the Guidelines trumped the § 3553(a) factors that supported a below-Guidelines sentence. The record reveals, however, that the district court carefully considered Defendant's loss arguments and rejected them based on the applicable Guideline, the case law, and the facts at hand. The district court also thoroughly considered Defendant's § 3553 arguments. Defendant has failed to show that his sentence was

7

procedurally unreasonable. See United States v. Hernandez, 603 F.3d 267, 272 (4th Cir. 2010) (sentence not procedurally unreasonable where adequate explanation given).

We turn next to Defendant's substantive challenge to the reasonableness of his sentence. "A sentence may be substantively unreasonable if the court relies on an improper factor or rejects policies articulated by Congress or the Sentencing Commission." Moreland, 437 F.3d at 434. "In accepting the sentencing guidelines, Congress continued the practice of permitting a sentencing court to consider both real offense behavior and charged conduct." United States v. Carroll, 3 F.3d 98, 101 (4th Cir. 1993) (footnote omitted). Further, in 18 U.S.C. § 3553(a), Congress instructed district courts to impose sentences that are sufficient but not greater than necessary to accomplish the goals of sentencing. Kimbrough v. United States, 552 U.S. 85, 101 (2007). "Substantive reasonableness review entails taking into account the totality of the circumstances[.]" United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007) (quotation omitted).

Defendant argues that the loss amount attributable to the car had nothing to do with the real offense he committed. He contends that the Guidelines treated him as though he had totaled the car or otherwise caused its owner to be deprived of it forever. Defendant asserts that treating the value of the

8

recovered car as a loss does not comport with § 3553(a)'s overarching provision that a sentence not be excessive.

As explained above, Defendant has not demonstrated that the district court erred in its application of Sentencing Guideline § 2B3.1.  Defendant directs us to no authority for the proposition that a proper application of this guideline could produce a sentence unintended by Congress.  Considering the totality of the circumstances, we hold that Defendant fails to show that his sentence is substantively unreasonable.

<u>AFFIRMED</u>